CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC - 4 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MALCOLM MUHAMMAD,<br>Plaintiff, | Civil Action No. 7:14-cv-00540 |
| v. | **MEMORANDUM OPINION** |
| L.J. FLEMING, et al.,<br>Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Malcolm Muhammad, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 and § 2000cc-1. Plaintiff names as defendants L.J. Fleming, Warden of the Keen Mountain Correctional Center ("KMCC"); Y. Taylor, KMCC's Institution Program Manager; and R. Wicker, KMCC's Chaplain. Plaintiff alleges that defendants Taylor and Chaplain Wicker treat him differently than Christians, which constitutes violations of the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I deny Plaintiff's motion to amend as futile and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges that KMCC inmates may watch and listen to religious programming on a particular channel on KMCC's television programming. Although both sound and video are provided on Christian television programming, Nation of Islam ("NOI") television programming transmits audio with the video blacked out. Plaintiff inquired, and Taylor explained that NOI television programming is transmitted from fifty DVDs and four VHS tapes, all the NOI media

play audio and blacked-out video, and all the NOI media were donated that way without tampering by KMCC staff.

To remedy this problem, Plaintiff bought two NOI DVDs from an outside vendor and donated the DVDs to the Virginia Department of Corrections ("VDOC"). However, these two DVDs have not yet been played on KMCC inmates' televisions. Chaplain Wicker has not allowed Plaintiff to access the NOI DVDs and VHS tapes, including the donated DVDs, to confirm that all NOI media play blacked-out video.[1] Plaintiff complains that adherents of other religions can both watch and listen to their respective religious programming, and he concludes that NOI adherents cannot exercise their religion by watching a black screen and listening to the voice of Minister Louis Farrakhan. Plaintiff also complains that the Chaplain Wicker's office contains approximately 5,000 Christian publications but no NOI publications. Plaintiff concludes that this disparity "is a result of intentional discrimination" and "place[s] a substantial burden on his religious exercise when other religious groups are provided with such."

Also, Plaintiff asked Chaplain Wicker to make photocopies of Ramadan certificates for inmates who participated in Ramadan, but Chaplain Wicker refused, saying that defendant Taylor had to first approve the certificates and that Chaplain Wicker was at the end of his shift before being away from the prison for five days. Instead of waiting for Taylor and Chaplain Wicker, Plaintiff paid for the copies himself.

## II.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2),

---

[1] Plaintiff also alleges that Chaplain Wicker did not follow correctional policies and procedures in how he handled the donated DVDs and various documents.

2

1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).[2]

Plaintiff fails to state a claim under 42 U.S.C. § 1983 or RLUIPA.[3] Both RLUIPA and the First Amendment prohibit a government from imposing a substantial burden on an inmate's religious exercise. Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006); 42 U.S.C. § 2000cc-1(a). A "substantial burden" on religious exercise occurs if it "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs, or . . . forces a person to choose between following the precepts of her religion and forfeiting [governmental] benefits, on the one

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[3] The motion to amend seeks to particularize some facts involving Taylor and Chaplain Wicker, but none of the changes affect Plaintiff's failure to state a claim upon which relief may be granted. Consequently, I deny the motion to amend as futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (recognizing a court should freely give leave to amend when justice so requires absent some reason like futility).

3

hand, and abandoning one of the precepts of her religion . . . on the other hand." Lovelace, 472 F.3d at 187 (internal quotations omitted).

Plaintiff has not yet sufficiently described a substantial burden of religious exercise when he hears the words of Minister Louis Farrakhan without seeing him. Furthermore, Plaintiff admits in the complaint that he attends NOI classes with other NOI adherents and has access to NOI documents that he has brought to Chaplain Wicker to make copies. More importantly, Plaintiff cannot merely repeat the elements of a cause of action to state such a claim; labels and conclusions are not sufficient to survive screening under Rule 12(b)(6). Twombly, 550 U.S. at 555. Consequently, Plaintiff's claims based solely on allegations of "intentional discrimination" and a "substantial burden" must be dismissed as insufficient. Furthermore, Plaintiff failed to describe any "specific, non-conclusory factual allegations that establish improper motive" to state a violation of equal protection. Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003); see Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986) (holding conclusory allegations of discrimination are not sufficient to establish liability); Jaffe v. Fed. Reserve Bank of Chicago, 586 F. Supp. 106, 109 (N.D.Ill. 1984) (holding a plaintiff "cannot merely invoke his [religion] in the course of the claim's narrative and automatically be entitled to pursue relief").

Moreover, a claim that Taylor or Chaplain Wicker did not follow correctional policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Lastly, Plaintiff cannot proceed against Warden

4

Fleming via respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Accordingly, the complaint must be dismissed.

## III.

For the foregoing reasons, I deny the motion to amend as futile and dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 4th day of December, 2014.

Senior United States District Judge

5